## No. 574
### GUND REALTY CO. v. CLEVELAND (CITY)

Ohio Appeals. 8th Dist., Cuyahoga Co.

No. 8306.    Decided May 23, 1927.

93. APPROPRIATION PROCEEDINGS—Injunction—Where in original allotment, certain land was set aside as playgrounds and a park, solely for the benefit of those who purchased land in said allotment, and the land so set aside was in fact used for the purposes outlined, this does not constitute a dedication to the public and the City of Cleveland may maintain appropriation proceedings; and injunction to restrain such proceedings is refused.

First Publication of this Opinion

VICKERY, J.

This case was appealed from the Cuyahoga Common Pleas wherein the Gund Realty Co. sought to restrain the City of Cleveland from appropriating a certain parcel of land on Lakeside of Ave. in the city. The city had brought appropriation proceedings in the Insolvency Court to appropriate this parcel which is a large rectangular piece of land and had made necessary parties to such proceedings when the Realty Co. brought this action to restrain the city from further proceeding in the Insolvency Court.

The lower court granted the injunction and made the temporary restraining order theretofore permanent. The Court of Appeals held:—

1. Examination was made of conveyances in which it was claimed certain reservations were made, and it was disclosed by such examination that this rectangular piece of land known as Clinton Park was set aside for the benefit of the lot owners in that allotment as a recreation ground and the cost and expense of the up-

keep was to be taxed against the various lot owners in the allotment.

2. Some forty years later the city took possession and treated this land as a public park for inhabitants of the city and established same as a playground. Within the last fifteen or twenty years the vicinity around this property has been built up with industrial buildings so that its use as a playground no longer exists.

3. The intention of the city, when proceedings were instituted in the Insolvency Court, was to take this property for the purpose of erecting buildings in which to store supplies and other material to be used by the city.

4. It is argued that the parcel of land in question, when it was set aside for the benefit of the lot owners in the allotment, was a public dedication, and therefore the city would have not power to appropriate same.

5. The reservations contained in the deeds, precluded the idea of a dedication to the public. As a matter of fact, the public had no interest or right in it. It was a private park for the benefit of those who purchased lots in that allotment and perhaps bordering upon this rectangular piece called Clinton Park.

6. The city by its occupancy could not cut off the rights of the property owners for whose benefit this tract was reserved, and the only proper manner in which the rights of parties interested could be protected would be by appropriation proceedings so that damages and compensation could properly be assessed.

Petition dismissed, injunction refused and decree for city.

(Sullivan, PJ., and Levine, J., concur.)

Attorneys—Mooney, Hahn, Loeser and Keough for Realty Co.; Carl F. Shuler, Director of Law, for city; all of Cleveland.